USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                      :
WALTER IWACHIW, et al.,                     :
                    Plaintiffs,  :
                                                   :     14 Civ. 2002 (LGS)
               -against-               :
                                                   :     OPINION and ORDER
TRAVELERS, et al.,                           :
                    Defendants.  :
                                                   :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Defendant Standard Fire Insurance Company ("SFIC") moves under 28 U.S.C. § 1404(a) and 42 U.S.C. § 4072 to transfer venue to the Eastern District of New York. For the following reasons, the motion is granted.

**I.    BACKGROUND**

Plaintiffs are the owners of property located in Queens County, New York, which suffered damage on or around October 29 and 30, 2012, as a result of Hurricane Sandy. The property was insured under a Standard Flood Insurance Policy issued by SFIC under the Write-Your-Own ("WYO") Program, which allows private insurers referred to as "WYO companies" to issue flood risk policies. *See generally Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 186-87 (2d Cir. 2006) (describing WYO Program). The WYO Program, in turn, is part of the National Flood Insurance Program ("NFIP"), a federal program created by the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq*.

On October 30, 2013, Plaintiffs filed suit in New York County Supreme Court against Defendants SFIC, Adorno-Denker Associates, Inc., NYU Hospitals Center (named in the Complaint as "NYU Medical Center") and Tower Insurance Company of New York, asserting various claims relating to damage caused by Hurricane Sandy and SFIC's alleged failure to

adhere to its obligations under Plaintiffs' insurance policy.  On March 21, 2014, SFIC, joined by the other Defendants, removed this action, asserting that federal courts have exclusive jurisdiction over insurance policies issued as part of the NFIP.  On March 28, 2014, SFIC filed this motion,[1] seeking to transfer venue to the United States District Court for the Eastern District of New York.  On April 21, 2014, Plaintiffs filed a memorandum of law styled a "cross motion for transfer," also seeking a transfer of venue to the Eastern District.  In the alternative, Plaintiffs seek transfer to the District Court for the District of Columbia.

## II.      DISCUSSION

Venue in this action is proper in the Eastern District of New York under 42 U.S.C. § 4072.  The Second Circuit has construed § 4072 to create federal jurisdiction for claims against WYO companies such as SFIC.  *See Palmieri*, 445 F.3d at 187 ("[W]e join the Third and Sixth Circuits in holding that § 4072 gives rise to jurisdiction over claims against WYO companies."). Section 4072 expressly confers "original exclusive jurisdiction" upon "the United States district court for the district in which the insured property . . . [is] situated . . . ."  42 U.S.C. § 4072.

Here, the parties do not dispute that the insured property is located in Queens County, over which the District Court for the Eastern District of New York presides.  Accordingly, the Eastern District has exclusive jurisdiction over the action and the case must be transferred there.  Plaintiffs' alternative request that the Court transfer this action to the District of Columbia is rejected.

---

[1] The other Defendants do not object to SFIC's motion.  *See* Docket No. 31.

## III. CONCLUSION

For the foregoing reasons, the motion to transfer venue to the United States District Court for the Eastern District of New York is hereby GRANTED. The Clerk of Court is directed to close the motion at Docket No. 6 and to transfer the case.

SO ORDERED.

Dated: September 16, 2014
      New York, New York

                                      **LORNA G. SCHOFIELD**
                                     **UNITED STATES DISTRICT JUDGE**