UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WALTER IWACHIW, WORLD NETWORK
INTERNATIONAL SERVICES INC. and
WNIS COMPANIES,

                Plaintiffs,

    -against-

TRAVELERS, THE STANDARD FIRE
INSURANCE COMPANY, TOWER INSURANCE
COMPANY OF NEW YORK, ADORNO DENKER
ASSOCIATES, INC., CITY OF NEW YORK,
NYU MEDICAL CENTER, ALL CITY OF NEW
YORK DEPT, et al.,

                Defendants.
----------------------------------------------------------------X

**ORDER**
14-CV-5615 (SJF)(SIL)

FEUERSTEIN, District Judge:

Pending before the Court are objections by *pro se* plaintiff Walter Iwachiw ("plaintiff") to a Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated August 14, 2015, recommending (a) that the motion of defendant Travelers, The Standard Fire Insurance Company ("Standard Fire") seeking summary judgment dismissing plaintiff's claims against it pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted; (b) that the respective motions of defendant Tower Insurance Company of New York ("TICNY"), defendant NYU Medical Center ("NYU") and defendant Adorno Decker Associates, Inc. ("Adorno Decker") seeking judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure be granted; (c) that plaintiff's claims against defendants the City of New York and "all City of New York Departments" (collectively, "the City") be *sua sponte* dismissed in their entirety pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; (d) that

1

plaintiff's cross motion for summary judgment and request for leave to amend his complaint be denied; and (e) that plaintiffs World Network International Services Inc. and WNIS Companies (collectively, the "corporate plaintiffs") be afforded thirty (30) days to appear by counsel in this action, or their claims be dismissed without prejudice. For the reasons stated herein, so much of the Report as recommends *sua sponte* dismissing plaintiff's claims against the City for lack of proper service is rejected, but the remainder of the Report is accepted in its entirety.

I.   STANDARD OF REVIEW

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002). Any portion of a report and recommendation on dispositive matters to which a specific, timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue."); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.")

General objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review * * * [because] [s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Owusu v. New York State Ins., 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); see also Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (accord); Butto v. Collecto, Inc., 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, or to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error."); Libbey v. Village of Atlantic Beach, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) ("[I]f a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)); 7-Eleven, Inc. v. Khan, 977 F. Supp. 2d 214, 219 (E.D.N.Y. 2013) (accord).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1, 2

(E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc., 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

II.  PLAINTIFF'S OBJECTIONS

Initially, plaintiff contends, *inter alia*, that the Report is premature since he purportedly sought "additional time during the stay placed in force for the sandy cases, to secure an attorney * * * and respond to the multiple defendants [sic] motions * * *." (Plaintiff's Objections to Report ["Plf. Obj."] at 1). In addition, plaintiff contends, *inter alia*, that Magistrate Judge Locke erred in (1) recommending that his request for leave to amend his complaint be denied "on the incorrect basis that of a Lack of any Foundation in law," since "at least one lawful claim [for fraud] can be made and additional lawful claims can be made with resources and representation[,]" (id. at 2); and (2) finding that he lacks standing to assert his claims because he is (a) the mortgagee for the subject property and "has standing to file the claim per the reverse mortgage, which [] the broker and insurance companies refused to acknowledge the ownership and refused to change the named parties on the policy [sic] * * *[,]" (id. at 2-3), (b) the distributee of the estate of Josefa Iwachiw, (id. at 3), and (c) he will be appointed "the administrator of the estate of Josefa Iwachiw[,]" the named insured on the subject insurance policies," on September 3, 2015, (id. at 1, 4). Plaintiff further contends that Magistrate Judge Locke erred, *inter alia*, in recommending dismissal of (1) his breach of contract claim because (a) "the definitions in the policy state a cohabitant with the decedent named party is an insured party and the insurance contract was in the process of being modified out of necessity and the court is authorized to amend the insurance contract where unanticipated changes are not reflected in the policy language[,]" (id.), (b) he is a "payer of the

4

policy after the death of Josefa Iwachiw and bad faith negotiations with the insurance companies and brokers[,]" (id.), and (c) "[t]he court must create the 4 corners of the policy [sic] as they did not exist based on fraud by the broker and the insurance companies[,]" (id.); (2) his negligence claim, (id.); (3) his unjust enrichment claim "if the brokers and insurance carriers avoid paying for the damage and divert the expense to NYC Build it back [sic] program instead[] * * * [and] avoid[] the billions in corporate claims and DBA claims[,]" (id.); (4) his claims against Adorno Denker for lack of personal jurisdiction because it was properly served with process before February 27, 2014, (id.); (5) his claims against the City defendants for lack of proper service because they were "served in a timely fashion and answered with an "answer with cross-claim and demand[,]' * * * [thus] waiving any claim for failure to gain person [sic] jurisdiction * * *[,]" (id. at 4); (6) his claims against NYU because (a) it "owed a duty to all who used its library facility as it was flooded in the past and never made any efforts to prevent flooding or to give notice of flooding in those areas[,]" (id. at 5), (b) it "receives funds from the federal government in multiple ways, which * * * makes them [sic] agents of the Federal Government and obligates them [sic] to distribute those funds to [him] and others who were the intended recipients for those funds[,]" (id.), and (c) he "has a private right to sue for withholding FEMA aid directed to be distributed by Federal law but instead retained it for their [sic] own use and to compete for LICH Hospital Brooklyn[,]" (id.); and (7) his state law claims because they "are based on fact and do have merit and should not be dismissed[,]" (id.).

In response to plaintiff's objections, the City admits that "it is subject to this Court's in personam jurisdiction." Accordingly, so much of the Report as recommends *sua sponte* dismissing plaintiff's claims against the City for lack of proper service is rejected.

However, upon *de novo* review of the Report, the operative pleadings, all motion papers, plaintiff's objections and the responses thereto by TCINY, Adorno Denker, NYU, and Standard Fire, with the exception of Magistrate Judge Locke's recommendation that plaintiff's claims against the City be *sua sponte* dismissed for lack of proper service, the remainder of the Report is accepted in its entirety. For the reasons set forth in the Report, (1) the branch of Standard Fire's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's claims against it for lack of standing is granted and plaintiff's claims against Standard Fire are dismissed in their entirety for lack of standing, and Standard Fire's motion is otherwise denied; (2) TICNY's and NYU's motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure are granted and plaintiff's claims against TICNY and NYU are dismissed in their entirety with prejudice for failure to state a claim for relief; (3) Adorno Denker's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is granted and plaintiff's claims against Adorno Denker are dismissed in their entirety with prejudice for lack of personal jurisdiction and for failure to state a claim for relief; (4) plaintiff's cross motion for summary judgment is denied; (5) plaintiff's request for leave to amend the complaint is denied; and (6) the claims of the corporate plaintiffs are dismissed in their entirety without prejudice, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims against the City and dismisses those claims without prejudice pursuant to 28 U.S.C. § 1367(c), **unless, on or before October 19, 2015, counsel admitted to practice law in this Court files a notice of appearance on behalf of the corporate plaintiffs**.

III.     CONCLUSION

For the reasons set forth herein, so much of the Report as recommends that plaintiff's claims against the City be *sua sponte* dismissed for lack of proper service is rejected, but the remainder of the Report is accepted in its entirety and, for the reasons set forth in the Report, (1) the branch of Standard Fire's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's claims against it for lack of standing is granted and plaintiff's claims against Standard Fire are dismissed in their entirety for lack of standing, and Standard Fire's motion is otherwise denied; (2) TICNY's and NYU's motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure are granted and plaintiff's claims against TICNY and NYU are dismissed in their entirety with prejudice for failure to state a claim for relief; (3) Adorno Denker's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is granted and plaintiff's claims against Adorno Denker are dismissed in their entirety with prejudice for lack of personal jurisdiction and for failure to state a claim for relief; (4) plaintiff's cross motion for summary judgment is denied; (5) plaintiff's request for leave to amend the complaint is denied; and (6) the claims of the corporate plaintiffs are dismissed in their entirety without prejudice, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims against the City and dismisses those claims without prejudice pursuant to 28 U.S.C. § 1367(c), **unless, <u>on or before October 19, 2015</u>, counsel admitted to practice law in this Court files a notice of appearance on behalf of the corporate plaintiffs**.

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

SO ORDERED.

                                            /s/
                              SANDRA J. FEUERSTEIN
                              United States District Judge

Dated: September 15, 2015
        Central Islip, New York