UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
WALTER IWACHIW, WORLD NETWORK
INTERNATIONAL SERVICES INC. and
WNIS COMPANIES,

      Plaintiffs,

 -against-

TRAVELERS, THE STANDARD FIRE
INSURANCE COMPANY, TOWER INSURANCE
COMPANY OF NEW YORK, ADORNO DENKER
ASSOCIATES, INC., CITY OF NEW YORK,
NYU MEDICAL CENTER, ALL CITY OF NEW
YORK DEPT, et al.,

      Defendants.
---------------------------------------------------------------X
FEUERSTEIN, District Judge:

FILED
CLERK

1/5/2016 2:32 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER AND
FILING INJUNCTION
14-CV-5615 (SJF)(SIL)

   Pending before the Court is a Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated November 17, 2015, recommending, *inter alia*, (1) that the branches of the respective motions of defendant Tower Insurance Company of New York ("TICNY") and defendant Adorno Denker Associates, Inc. ("Adorno Denker") seeking to have a filing injunction imposed against *pro se* plaintiff Walter Iwachiw ("plaintiff") be granted, and the motions otherwise be denied; and (2) that plaintiff "be explicitly warned that should injunctions fail to deter him from filing papers that are found to be harassing, vexatious, or in violation of the injunction, monetary sanctions may be imposed against him[,]" (Report at 10). No party has filed any objections to the Report, nor sought an extension of time to do so.[1] For the reasons

---

[1] One (1) day after the Report was entered, the Clerk's Office received a letter from plaintiff, dated November 13, 2015, designated as "opposition to letter of Mound Cotton [sic] for sanctions." Plaintiff's "opposition," which pre-dates the Report, does not raise any specific

1

stated herein, Magistrate Judge Locke's Report is accepted in its entirety.

I.   Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002). Any portion of a report and recommendation on dispositive matters to which a specific, timely objection has been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue.") Specifically, where, as here, the parties "received clear notice of the consequences of the failure to object" to a report and recommendation, (see Report at 11), their "failure to object timely to [that] report waives any further judicial review of the report." Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); see also

---

objections to Magistrate Judge Locke's findings and recommendations in the Report and, thus, at best, can only be construed to be a general objection to the Report. Accordingly, the Report is reviewed only for clear error. See Butto v. Collecto, Inc., 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)); 7-Eleven, Inc. v. Khan, 977 F. Supp. 2d 214, 219 (E.D.N.Y. 2013) (accord).

2

Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008).

"Although this rule applies equally to counseled and *pro se* litigants, it is 'a nonjurisdictional waiver provision whose violation [the Court] may excuse in the interests of justice.'" King v. City of New York, Dep't of Corr., 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (quoting Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)); see also DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000); accord King, 419 F. App'x at 27.

Similarly, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review * * * [because] [s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Owusu v. New York State Ins., 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); accord Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013). To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Bassett v. Elec. Arts, Inc., 93 F. Supp. 3d 95, 101 (E.D.N.Y. 2015) ("The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments."); Libbey v. Village of Atlantic Beach, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) ("[I]f a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews

3

the Report and Recommendation only for clear error." (quotations and citation omitted)).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1, 2 (E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc., 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

II. The Report

Although the Report provided the parties with the requisite "express warning" of the consequences of a failure to timely file objections thereto, Caidor, 517 F.3d at 603, no party has filed any specific objections to Magistrate Judge Lockes's Report, nor sought an extension of time to do so. Accordingly, the parties have "waive[d] any further judicial review of the findings contained in the [R]eport." Spence, 219 F.3d at 174. As the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, the branches of TICNY's and Adorno Denker's motions seeking to have a filing injunction imposed against plaintiff are granted and the motions are otherwise denied.

III. CONCLUSION

For the reasons set forth herein, the Report is accepted in its entirety and, for the reasons set forth therein, the branches of TICNY's and Adorno Denker's motions seeking to have a filing

4

injunction imposed against plaintiff are granted and the motions are otherwise denied. It is hereby,

> ORDERED that Walter Iwachiw is barred from commencing any new *pro se* action in any federal court in the State of New York against Tower Insurance Company of New York ("TICNY") regarding claims made under the homeowners policy issued by TICNY ("the TICNY Policy") under policy number HOS2664140, or against Adorno Denker Associates, Inc. ("Adorno Denker") regarding the brokering of, or claims made under, both the TICNY Policy, policy number HOS2664140, and the policy written by defendant Travelers/Standard Fire Insurance ("the Standard Fire Policy") under policy number 6010047198; and it is further,
>
> ORDERED that Walter Iwachiw shall attach to any pleading he heretofore files in any state court commencing a lawsuit or proceeding against TICNY and/or Adorno Denker a copy of the following documents from this litigation: (a) this Order; (b) the Order dated September 15, 2015, (Docket Entry ["DE"] 153); and (c) the reports and recommendations of Magistrate Judge Locke dated November 17, 2015, (DE 170), and August 14, 2014, (DE 144).

**Plaintiff is hereby warned that monetary sanctions may be imposed against him for filing any papers in this Court that are found to be harassing, vexatious, or in violation of this, or any of the prior, filing injunctions imposed against him.**

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

SO ORDERED.

                                                /s/
                                       SANDRA J. FEUERSTEIN
                                       United States District Judge

Dated: January 5, 2016
       Central Islip, New York